# East Pennsylvania Railroad *versus* Hiester.

*Evidence in Action by Landowner, to recover Damages for Lands taken and occupied by Railroad Company.*

1. On the trial of an appeal from the award of damages by appraisers for land taken by a railroad company, in the construction of their road, evidence of the price paid, or amount received for land in the neighbourhood, in particular instances, is inadmissible; the only proper test is the opinion of witnesses as to the value of the land taken, in view of its location and productiveness, its market value, or the general selling price of land in the neighbourhood.

2. The jury may allow the actual damages incident to taking the road, arising from inconvenience in crossing the railroad, and interfering with crossings already established, which the plaintiff has sustained, as also from the failure or neglect of the company to construct the crossings as required by law, but not for making the crossings themselves; they were to be made by the company.

3. It was not error to reject evidence offered on the part of the company, to prove that the plaintiff had offered to claim no damages, if the company would locate the road where he wished it, and that when called on, he declined to designate the location he desired; for it was only a proposition, not accepted by the company at the time, and not binding upon the plaintiff afterwards.

ERROR to the Common Pleas of *Berks county*.

This was an appeal to the Common Pleas from the award of a jury appointed to assess the damages, if any, which were sustained by Frederick A. M. Hiester, by reason of the location and construction of the East Pennsylvania Railroad through his farm.

The errors assigned, were to the admission and rejection of certain portions of the testimony offered on the trial in the Common Pleas, and to the answer given by the court below to one of the points presented by the counsel for defendant; all which are set forth in the annexed specifications of error. The cause was tried on the plea of *non assumpsit*, and resulted in a verdict in favour of the plaintiff below (Mr. Hiester), for $3000. The defendant, thereupon, sued out this writ and assigned here as cause for reversal, the following matters, viz. :

1. The court erred in admitting the following testimony of Richard Boone, as mentioned in the defendant's *second* bill of exceptions to testimony: "There was a sale lately of Levi Malsberger to Bushong; that was a lot of about 5 acres, at $300 an acre; this I was told by Bushong myself; I suppose about the same distance from the centre of Reading as the northern part of Hiester's is. I suppose that land not as good as Mr. Hiester's. Some of it—the 5 acres—rough. In a settlement with the Lebanon Valley Railroad, about four years ago, with Seitzinger's estate, the company paid $350 per acre. This land is farther

[East Pennsylvania Railroad *v.* Hiester.]

from Reading than Seitzinger's, and on the opposite side of the Schuylkill, and is more inaccessible on account of the river Schuylkill; I don't know of my knowledge of any other sales."

2. The court erred in admitting the following testimony of Anthony F. Miller, as mentioned in defendant's *fourth* bill of exceptions to testimony: "I own a small tract near Mr. Hiester's, within two hundred yards of his; sold a part; my part on track lies in the city altogether; I sold seven acre lot adjoining Mr. Hiester's; obtained $500 an acre for trucking purposes; no improvements; made this sale about seven years ago."

3. The court erred in their answer to defendants' first point, which was "That the plaintiff cannot recover any damages on account of inconvenience, for want of a crossing on his property, as he has not shown that he demanded such a crossing, and that the company refused to make the same."

To which the court answered: "If the plaintiff has been put to any inconvenience on account of the crossing mentioned in this point, the plaintiff would be entitled to recover such damages as the jury think he deserves."

4. The court erred in overruling the testimony of M. E. Lyons, Esq., who was offered to prove that Mr. Hiester came to the office, and to the treasurer of the company, and offered that if the company would put the road where he wished it, and not cut up his land, that he would make no charge for damages or anything else; that he considered the benefit that would result to him from the railroad sufficient compensation for any injury, or loss of land; and to follow this up by proof that application was made to Mr. Hiester by the company, to point out where he wished the road located, with a view to have the road located to suit Mr. Hiester; and that he declined designating any route.

*John S. Richards* and *Jeremiah Hagenman*, for plaintiffs in error.

*George G. Barclay*, for defendant in error.

The opinion of the court was delivered, July 24th 1861, by

THOMPSON, J.—The trial, out of which these specifications of error arise, was originally an appeal by the plaintiff in error from an award of damages by appraisers appointed by the court, on complaint of the defendant, for taking some 7 acres and 94 perches of his land for the use of their road, and for injury to certain crossings over the Reading Railroad, constructed for the use and accommodation of his farm; and being tried in the Common Pleas, this writ of error was taken.

The first and second assignments may be considered together; and they arise upon bills of exception to the admission of that

[East Pennsylvania Railroad *v.* Hiester.]

portion of the testimony of Richard Boone and Anthony Miller, objected to by the plaintiff in error and admitted by the court.

After the witness Boone had expressed his opinion of the value of the plaintiff's land, through which the defendant's road passes, and that this was his judgment from sales of other lands in the neighbourhood, he was inquired of, against objection by the defendant, "what sales of land he knew of in the neighbourhood of Reading, in which $300 an acre were realized?" In answer to this, he said "that L. Mulsberger had sold five acres to one Bushong for $300 an acre; this he said he was told by Bushong himself. And further, that, in a settlement with the Lebanon Valley Railroad Company, about four years ago, with Seitzinger's estate, $350 per acre was paid. This land was farther off than Hiester's, and on the opposite side of the Schuylkill."

We cannot hesitate to say that this evidence was improper, and should not have been received. The hearsay portion of it was not objected, specifically, and had there not been a graver error in the admission of the answer in other particulars, it would scarcely have been worth noticing; as it stood, it was erroneous under the objection made. The subject of inquiry before the jury was, to find the value of the plaintiff's land per acre, and especially that portion of it taken by the defendants. This was to be ascertained by the application of certain tests: its value as estimated by witnesses, in view of its location, productiveness, or other uses, not speculative, or by the market value, or, more properly, the selling price of land in the neighbourhood. This last test was approved in Searle *v.* Lackawanna and Bloomsburg Railroad Company, 9 Casey 57; and it is there said that sometimes the value cannot be ascertained in any other way. There can certainly be no objection to this test, but the evidence received went far beyond it. It did not pretend to fix the market value of the land, but assumed to ascertain it by the special, and, it may be, exceptional cases named. This will not do, for, if allowed, each special instance adduced on the one side must be permitted to be assailed, and its merits investigated on the other; and thus would there be as many branching issues as instances, which, if numerous, would prolong the contest interminably. But even this is not the most serious objection. Such testimony does not disclose the public and general estimate which, in such cases, we have seen is a test of value. It would be as liable to be the result of fancy, caprice, or folly, as of sound judgment, in regard to the intrinsic worth of the subject-matter of it; and, consequently, would prove nothing on the point to be investigated. The fact as to what one man may have sold or received for his property, is certainly a collateral fact to an issue, involving what another should receive, and, if in no

[East Pennsylvania Railroad *v.* Hiester.]

way connected with it, proves nothing. It is, therefore, irrelevant, improper, and dangerous. Not so with a market value. That is a recognised fair test. It holds good, let the demand and supply be as they may, and is equally reliable, whatever may be the relative value of money and property, or the circumstances of the country. It is supposed to represent the judgment of the community, and approximately fixes the value of a given article or thing, as it may do the character of a person. The practical application of these principles is recognised in Chapin *v.* Boston and Portland Railroad, 6 Cush. 422; Upton *v.* South Reading Railroad, 8 Id. 600; Wyman *v.* Lee and Camb. Railroad, 13 Met. 327, cited by the counsel for the plaintiff in error, and in Searle *v.* The Lackawanna and Bloomsburg Railroad, *supra,* cited by the defendant in error. Had the proposition been made by the defendant to prove that some designated owner had received, by compromise or otherwise, from some railroad company, for land alleged to be as valuable as that of the plaintiff, the sum of $5, $10, or $50 per acre, for the purpose of establishing what the plaintiff should, in this case, be obliged to put up with, I can imagine that it would have somewhat astonished the court; yet it is the same thing in principle as the evidence received, perhaps only a little more palpably erroneous. But if the plaintiff be allowed to introduce such testimony, every principle of even-handed justice would require that the defendant should have the same latitude. The rules of evidence, however, do not allow it to either party. The question might be proper by way of cross-examination, to test the accuracy of the witness, but not otherwise. A jury would be very much inclined to say, upon such testimony, that if one man receives so much from one railroad company, another ought to receive the same. The inquiry would thus be, not to ascertain the value of the land taken, which the law requires to be compensated, but what was the highest penny wrung from a corporation, without regard to value. This the law does not allow. Compensation in full is what the constitution requires, and the ascertainment of that it leaves to the law and the courts, upon the usual and known rules for estimating and fixing what that shall be. The testimony of Miller, so far as objected to, was of the same character as that of Boone, and was inadmissible for the same reason. The first and second assignments of error are therefore sustained.

The third assignment of error is to the answer of the court to the defendant's second point. The answer allows the jury to consider the damage incident to the taking of the land, arising from inconvenience in crossing the road, and interference with crossings already established. This we think was right. In this particular, damages should not be included for making the crossings themselves, for they are to be made by the company, but

[East Pennsylvania Railroad *v.* Iliester.]

for the damage by reason of their not having been constructed. As it was the duty of the company to construct them in the first instance, without any demand, damage for not so doing, commensurate with the injury, is an incident of the taking, and may be allowed. Notwithstanding this, the company continues liable to construct convenient causeways or crossings, if required; or, in default thereof, the plaintiff may proceed to recover damages in the manner provided for by the act, as well as to indemnify him for such non-compliance. To save future controversy, it would be well that the verdict should set forth the grounds of the finding. We do not see, however, that the court erred in the matter of this exception.

The fourth error is assigned upon the ruling out of the defendant's testimony, to prove that the plaintiff had offered, that if the company would locate the road where he might wish it, he would claim no damages; and that at some time afterwards, when the company called upon him to designate the location he desired, he declined doing it. It is too plain for elucidation, that the testimony proposed was but an unaccepted proposition, not binding. The company did not accept it when it was made, and the plaintiff was not bound to adhere to the offer for a moment afterwards, if he did not choose to do so, much less for days or weeks. He was in no respect bound or answerable for not adhering to his offer. The testimony was properly overruled. For the errors designated in this opinion, the judgment must be reversed.

Judgment reversed, and a <em>venire de novo</em> awarded.