**PACIC, Plaintiff-Appellant, v. CENTURY FOOD MARKETS CO., Inc., Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3550.   Decided April 13, 1953.

16

Samuel E. Karam, Youngstown, for plaintiff-appellant.
Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellee.

**OPINION**

Per CURIAM.

Plaintiff appeals on questions of law from a judgment of the court of common pleas entered on a jury verdict returned for defendant in plaintiff's action filed in that court to recover damages from it for personal injuries sustained in an automobile collision allegedly caused as the result of the carelessness and negligence of one of defendant's agents, servants and employees in the operation of one of its gasoline trucks on West Federal Street at the intersection of Hazel Street in the city of Youngstown.

About eight o'clock on the morning of October 23, 1949, plaintiff, a member of the police department of the city of Youngstown, was operating one of its police ambulances, in answer to an emergency call, in a northerly direction on Hazel Street, an improved, duly dedicated and accepted public thoroughfare of that city. When such ambulance reached a point thereon where that street intersects West Federal Street, the main business street of the downtown section of Youngstown, such ambulance and defendant's truck, then being operated in an easterly direction in West Federal Street, collided.

Plaintiff's evidence is that as the ambulance approached and entered such intersection with sounding siren, at a speed estimated at between three to fifteen miles an hour, the electric traffic signal light, which controls the flow of traffic there, granted the right 'of way to defendant's truck, which was travelling at an estimated speed of between fifteen and forty miles an hour. At that intersection the truck struck

the left portion of such ambulance, which by actual measurement skidded in a circular manner between 20 and 24 feet on the inside of the circle and 40 and 45 feet on the outside thereof.

By assignments of error plaintiff maintains that "the court committed error in admitting evidence offered by the defendant which was duly excepted to by the plaintiff"; that "the court erred in excluding evidence offered by the plaintiff to which exclusion plaintiff fully excepted"; that "the court erred in its general charge to the jury after argument which was duly objected and excepted to by the plaintiff"; that "the verdict of the jury is not sustained by the law and the evidence"; that the "verdict of the jury is clearly and manifestly against the weight of the evidence"; that "the judgment rendered upon the verdict of the jury was not sustained by sufficient evidence"; that "the judgment of the court rendered upon the verdict of the jury is contrary to law"; and that "the court erred in overruling plaintiff's motion for new trial."

As applicable, §6397-44 GC, provides:—

"(a) Upon the approach of an emergency vehicle, when the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the edge or curb of the highway clear of any intersection and shall stop and remain in such position until the emergency vehicle has passed, except when otherwise directed by a police officer.

"(b) Upon the approach of an emergency vehicle, as above stated, the operator of every street car or trackless trolley shall immediatly stop such car clear of any intersection and keep it in such position until the emergency vehicle has passed, except when otherwise directed by a police officer.

"(c) This section shall not operate to relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property upon the highway."

As applicable §6307-4 GC, provides:—

"(a) The driver of any emergency vehicle when responding to an emergency call upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."

We find no error prejudicial to plaintiff in admission of evidence in the respect charged by plaintiff.

Plaintiff maintains that the trial judge erred to his prejudice in refusing to admit in evidence testimony of the operator of a truck which was following defendant's truck.

Plaintiff made no proffer of the rejected testimony  Therefore we determine that the trial judge did not err to plaintiff's prejudice in the rejection of such testimony.

In support of his contention that the trial judge erred to his prejudice in "highly stressed (stressing) the issue of (plaintiff's) contributory negligence" plaintiff maintains "there was absolutely no evidence to sustain that averment and the subsequent charge to the jury on that issue"; that "nowhere is there any evidence that the plaintiff could have been negligent in any way."

We find sufficient evidence to warrant the court in charging on contributory negligence.

Further the plaintiff contends that the trial judge erred to his prejudice in charging the jury as follows:—

"You will use these measuring sticks and apply them to the evidence and finally make your determination of whether or not the defendant through its truck driver was negligent unless you find that the plaintiff has established negligence on the part of the defendant by the greater weight of the evidence, in that case the plaintiff cannot recover in this case and your verdict must be for the defendant."

Plaintiff contends that the trial judge did not cure such erroneous charge by charging the jury:—

"On the other hand, if you do find that the plaintiff has established negligence on the part of the defendant by the greater weight of the evidence, then the plaintiff prevails on the first issue which I have been discussing with you and you will then turn your attention to the next or second issue or controverted question of fact between the parties and that one is whether or not any negligence on the part of the defendant was a proximate cause of the collision and plaintiff's injuries."

Finally plaintiff contends that the trial judge charged insufficiently and erroneously on the degree of care defendant was bound to exercise in the situation "and practically overlooked the probability of defendant's negligence."

Obviously, as punctuated by the court reporter the quoted portion of the charge beginning "you will use these measuring sticks" and ending with the words "for the defendant." is meaningless without a period placed after the word "negligent," which as punctuated by a period closed the first sentence.

In the charge given by the trial judge there appears no

o

punctuation after the word "negligent," and read with such punctuation the charge is a correct and unambiguous charge of the law, with which this court will not interfere.

Of course this court could sua sponte order the bill of exceptions returned to the trial judge for diminution, but the error of the court reporter in punctuating the charge of the trial judge is so clear that we shall interpret the charge as indicated, and interpreting it that way find no error in the portion of the charge under discussion, nor as the result of a careful perusal of the charge in any other portion thereof. Counsel for plaintiff, at the conclusion of the charge, failed upon inquiry to suggest any correction of the charge

Since plaintiff states by brief that "items 1, 2, 6 and 7 of plaintiff's assignments of error are so closely related as far as the plaintiff's contentions are concerned, that we will consider them in their entirety" this court will dispose of those assignments of error as one in this opinion; and state that since the general verdict of the jury was not tested by interrogatories it is undeterminable upon the evidence whether the jury found defendant negligent or plaintiff guilty of contributory negligence, either of which issue is in our opinion supported by the evidence.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, PHILLIPS & NICHOLS, JJ, concur.