**PIONEER MUTUAL CASUALTY COMPANY, Plaintiff, v. BETTON et, Defendants.**

Common Pleas Court, Franklin County.

No. 193859. Decided January 31, 1958.

Ballard & Dresbach, Crabbe & Newlon, Columbus, for plaintiff.
Reeves & Herron, Columbus, for defendant, Lee H. Betton.

## OPINION

By BARTLETT, J.

This case was called for trial. Counsel for defendant Betton insisted that his client was entitled to a jury trial as of right; and counsel for the plaintiff contended that since this action is a proceeding for a declaratory judgment, it does not involve any question requiring a jury trial, but confines itself to the declaration of the rights of the respective defendants under the insurance policy in question, and is an equitable proceeding in which the issues are properly triable to the Court.

The question of whether the case should be tried to a jury has been submitted to the Court on briefs by counsel for the plaintiff and the

defendant, Lee H. Betton; and it appears to this Court that neither of the positions taken by counsel for the respective parties is entirely correct.

Since "actions for declaratory judgments are a creature of comparative recent legislation, such type of action did not exist prior to the adoption of the Ohio Constitution, * * * it is manifest there was no right to trial by jury in such actions prior to the adoption of the constitution. Any right to trial by jury in such actions is, therefore, not vouchsafed by the Constitution but must be founded in the statute." Renee v. Sanders, 160 Oh St 279, p. 282, and cases there cited.

Sec. 2721.10 R. C., of the Declaratory Judgment Act itself provides:

"When a proceeding under §§2721.01 to 2721.15, inclusive, R. C., involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

Sec. 2311.04 R. C., also provides:

"Issues of law must be tried by the court, unless referred as provided in §§2315.26 to 2315.36, inclusive, R. C. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference is ordered as provided in such sections.

"All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred."

It was held in the case of **Travelers Indemnity Co. v. Cochran, Jr., 155 Oh St 305:**

"3. Where a declaratory judgment action involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions, and where, in a civil action by the insurer for the cancellation of an insurance policy on the ground that it has been breached by the insured, no money judgment or recovery of specific real or personal property is sought, the issue is properly triable to the court."

It is true that "issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried to a jury, unless a jury trial is waived, * * * as provided in §2311.04 R. C., supra; and it is equally true that "Where a declaratory judgment action involves the determination of an issue of fact, * * * and where, * * * no money judgment or recovery of specific real or personal property is sought, the issue is properly triable to the Court." Travelers Indemnity Co. v. Cochrane, Jr., supra, and in that case, the Trial Court saw fit to hear and determine the whole cause without a jury.

But it must not be overlooked that Hart, J., in delivering the opinion of the Court in the foregoing case, states that "When a proceeding in the Declaratory Judgment Act involves a determination of an issue of fact." * * * "**Depending upon the character of the declaratory judgment sought the action may be tried either to a jury or a Court.** The question is determined as in all other civil actions." (Emphasis ours.)

An examination of the amended petition "discloses that the declara-

tory judgment sought in this case involves the same issues of fact and law as a decree of cancellation in equity involves, * * *."

"The case being in its nature one in chancery, * * *" p. 151 **Pioneer Mutual Casualty Co. etc. v. Pennsylvania Greyhound Lines, et al, 68 Oh Ap 139,** held:

"1. Where a petition, praying for a declaratory judgment and cancellation of a liability insurance policy, states a cause of the character of an action in chancery for cancellation, the action will be treated as one in chancery for cancellation, allowing an appeal on questions of law and fact.

"2. In a chancery action, an appeal from the Common Pleas Court to the Court of Appeals on questions of law and fact may be taken from the sustaining of a demurrer to a petition, and, in such case, the action stands for trial **de novo** in the appellate court, and pleadings may be amended and additional persons made parties to the same extent as in the Common Pleas Court."

The foregoing case is quite similar to the instant case, in that the plaintiff sought cancellation of a liability insurance policy because of alleged false representations of certain material facts by the insured in the application for such insurance, while in the instant case plaintiff seeks to have such policy declared null and void on the same grounds. It would seem, therefore, that the instant action should be treated as one in chancery. If so, the plaintiff has no constitutional or absolute statutory right to a trial by jury. **Renee v. Sanders, Exr., et al, 160 Oh St 279.**

On the other hand, the fact that the Supreme Court held in The Travelers Indemnity Co., case, supra, that in such suit for cancellation of an insurance policy, "the issue is properly triable to the court," it does not necessarily follow that the issue in that case might not have been properly triable to a jury, if the Court had so ordered. The Court saw fit to try that case without a jury.

As heretofore noted, §2721.10 R. C., supra, provides that issues of fact in actions for declaratory judgments, may be tried and determined in the same manner as in other civil actions.

**Sec. 2311.04 R. C.,** after providing that "issues of law must be tried by the court" and "issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived;" but it is significant that such section of the code in its last paragraph provides further:

"all other issues of fact shall be tried by the Court, **subject to its power to order any issue of fact to be tried by a jury,** or referred. (Emphasis added.)

"Generally; Jury Trial.—In an action for the rescission and cancelation of an instrument upon the ground that it was procured by means of fraud, duress, misrepresentation, or upon any other ground which is clearly equitable in its nature, neither party is entitled to demand a jury. However, the court may impanel a jury although the cause of action is an equitable one; and while there are a great many instances in which it is the duty of the court, in trials to a jury, to deter-

mine the question of what constitutes a reasonable time within which an act must be done, and to specifically instruct the jury thereon, the tendency of the decisions in Ohio is to leave such questions, including the question whether one having the right to rescind a contract did so within a reasonable time, to jury, under proper instructions." **8 O. Jur. 2d, p. 464, Cancellation of Instruments, Sec. 64.**

"So where, in a civil action in which the plaintiff seeks equitable relief in respect of an alleged legal right, * * *, if the issue thus raised is a substantial issue of fact, its emergence may give rise to a question as to the mode of trial, * * * a situation of this kind might induce a chancery court, in the exercise of its discretion, * * * under the Code; * * *, depending on the nature of the case, (1) to impanel a jury and take a special advisory verdict; (2) to hear and determine the whole cause without a jury; * * *." **20 O. Jur. 2d. p. 40, Sec. 14.**

The last paragraph of §2311.04 R. C., recognizing the power of the court to order any issue to be tried by a jury, was formerly known as §11380 GC, and many Ohio courts have exercised their discretion in that respect, some of which we shall now note.

Where the Court, in an equity case, submits to a jury issues of fact that are triable by the Court, the jury verdict is not conclusive, but the Court may decree notwithstanding the verdict. **Morgan and Co. v. Spangler, 20 Oh St 38**; such finding of the jury in a question of fact in an equity case is not binding upon the court; but under §11380 GC (now §2311.04 R. C.), the Court may impanel a jury to try an issue of fact for the purpose of aiding the Court in the determination of the issue. It is the duty of the Court to finally determine the issue of fact tried by the jury. **Acme Mortgage Co. v. Parker, et al, 17 Abs 97.**

Where the Court, in an equity case, submits certain questions to a jury, it is not error to refuse instructions on points irrelevant to the questions submitted, though pertinent to other parts of the case. **Carlisle v. Foster, 10 Oh St 198.**

This Court has reached the conclusion that certain substantial issues of fact should be submitted to a jury for the purpose of aiding the Court in the determination of such issues as follows:

1. On March 10, 1955, did the defendant, Lee H. Betton, in writing apply to The Pioneer Mutual Casualty Company for a policy of insurance covering his 1951 Chrysler Imperial automobile, Model C 54, six passenger sedan?

2. Did said application contain this question: Item 7. Do you or any driver of the automobile have any physical impairment or deformity? Did the defendant Betton in writing answer such question: No?

3. Did said application contain this question: Item 7a. Have you or any driver of the automobile had any automobile accidents during the last three years? Did the defendant Betton answer such question: No?

4. Were either one or both of the above answers by defendant Betton false? If so, which answer was false?

5. If false, was such answer given by the defendant Betton with intent to deceive? Which answer was given with intent to deceive.

6. Did either of such false answers by the defendant Betton materially affect the hazards assumed by said insurance company? If so, which false answers did materially affect the hazards assumed by said insurance company?

7. Was the defendant, Lee H. Betton, involved in an automobile accident on November 7, 1953, at the intersections of Cleveland Avenue and East Second Avenue in the City of Columbus, Ohio?

8. Was the defendant, Lee H. Betton, involved in an automobile accident on August 29, 1954 at the intersection of Joyce Avenue and East 5th Avenue in Columbus, Ohio?

9. Was the defendant, Lee H. Betton, involved in an automobile accident on Tenth Avenue near Michigan Avenue in Columbus, Ohio on or about October 18, 1954?

10. Did the defendant, Lee H. Betton, have a physical impairment known to him to be a nervous disorder for the treatment of which he was confined to a hospital at Wright Patterson Field for approximately six months by reason of which he was discharged from military service, and for which he was under the care of physicians at the time of the execution of his application for insurance?

11. On the reverse side of the application blank executed by the defendant, was there information forming a part of the application as follows:

### "UNDERWRITING INFORMATION

Driver's License Number          No of years driving of principal Driver L 87500 Experience 9 years

Traffic Convictions Date 11/54 Offense Speed
                                 Date 9/3/54 Offence Illegal Left Turn

ACCIDENT RECORD OF PRINCIPAL DRIVER
(PAST THREE YEARS)
none

Name of previous insurance company.   None

Number of children boys ____ Ages ____
                                 girls 2 Ages 2 yrs. & 9 mo.

OTHER DRIVERS
none

PREVIOUS ADDRESS
(if at present location less than two years)
Service"

Answer yes or No:

12. Was said application for insurance completed in the presence of the defendant, Lee H. Betton?

If not, state in what particulars said application was not completed in the presence of defendant, Lee H. Betton.

If any part of said application was not completed in the presence of defendant, Lee H. Betton, was any such part at variance with his disclosures?

If so, state what was the variance.

The Court has prepared an entry, ordering that a regular jury be impaneled and sworn according to law for the purpose of deciding the

foregoing issues of facts, as an aid to the Court in its determination of said issues of facts. Such entry will be submitted to counsel for the respective parties before it is journalized.