F. E. AVERY COMPANY, A CORPORATION, PLAINTIFF-APPELLEE, v. GEORGE, DEFENDANT-APPELLANT.

Ohio Appeals, Tenth District, Franklin County.

No. 6034. Decided April 14, 1959.

542

*Mr. Carlisle O. Dollings*, for plaintiff-appellee.
*Mr. Ray J. Glaze*, for defendant-appellant.

(WISEMAN, J., of the Second District, sitting by designation in the Tenth District.)

BRYANT, P. J. This matter comes on for determination upon an appeal on questions of law from a judgment and final order entered by the Columbus Municipal Court in the sum of $995 against George George, defendant-appellant herein, and in favor of the F. E. Avery Company, a corporation, plaintiff-appellee herein.

The proceeding was begun in the lower court as an action for damages to an automobile owned by the Avery Company and driven by George, the accident occurring at about 2:30 A. M., January 29, 1958 on the Olentangy River Road in the northern part of Franklin County, Ohio.

It appears that George prior to the night in question was the owner of a Chrysler automobile which was destroyed in an accident and that he was having difficulty in settling his damage claim with an insurance company.

A representative of the insurance company apparently had suggested that the Avery Company show a car to George as a possible replacement for his Chrysler. The car so exhibited was not acceptable to George but a companion of George praised another car, a Pontiac, at the Avery Company's lot and as a result George obtained permission to take the Pontiac for a test drive. This was late in the afternoon and he obtained special permission to keep it until the following day.

George drove the car to an eating place on the east side

where he had dinner and three small beers. He then went to his office where he worked until about 2 A. M. when he started home driving on Olentangy River Road in a northerly direction. It was at or near Caruthers Drive that the accident occurred with George at the wheel of the Pontiac. The car crossed the road to the wrong or west side, damaged two sections of guard rail, went over an eight-foot bank and came to rest wedged in a ditch or ravine. George escaped with minor injuries but some of the evidence indicates the car was demolished. George said he was traveling at from forty to forty-five miles per hour and that there were occasional icy spots on the road. It is not exactly clear whether he blamed the quick action of the power brakes, the ice on the road or possible drowsiness or falling asleep as the principal cause of the accident. The case was tried without a jury and to a court.

As assignments of error, George claims the judgment of the trial court was contrary to law and against the manifest weight of the evidence. He also claims the trial court erred in overruling his motion for a new trial and that other errors occurred.

Defendant-appellant in his brief sets forth a general discussion of questions relating to the various types of bailment and we are unable to determine exaxctly what it was in George's opinion that made the judgment contrary to law. The court clearly had jurisdiction of the subject matter and the parties and in a proper case had the power to render such judgment. Hence we conclude that the first assignment of error is not well taken.

The second and third assignments of error relate to the weight of the evidence and the overruling of a motion for a new trial. Certainly there was sufficient evidence on every material point which, if believed by the court which was the trier of the facts, would sustain the judgment. Actually there was not much in the way of a dispute over the facts although the parties may well have disagreed as to the inference arising therefrom.

The principal contention of George seems to be the bailment relationship between him and the Avery Company was exclusively for the benefit of the Avery Company because the company allegedly stood to gain if a sale followed, and that as a result it was a gratuitous bailment so far as George was concerned

because he could not receive any benefit or gain under the existing circumstances.

With that we are compelled to disagree. In our judgment this was a bailment for the mutual benefit of the Avery Company as bailor and George as bailee. All parties concerned agree that the Avery Company presumably stood to gain if a sale followed the test driving of the car. In our judgment the benefits to George are equally clear. It is clearly beneficial to a prospective purchaser to drive a car before deciding whether or not to buy. There is some benefit in driving a car to a restaurant to obtain an evening meal or driving to the office to work or driving from the office to home at night. It was also beneficial to drive such a car to keep a business appointment. All of these were the intended and the actual uses of the car while in the possession of George.

Having concluded that the bailment in question was mutually beneficial, it follows that George was under a duty to exercise ordinary care. The trial court must have found he did not exercise ordinary care and that this failure was the proximate cause of the accident. Otherwise, it would not have returned the judgment it did.

Falling asleep at the wheel is not exercising due care but is a total absence of any care. The trial court might well have found that there was an absence of due care in driving an automobile at forty to forty-five miles an hour at night in the middle of winter when the defendant knew there were occasional icy spots on the roads, when the roads were wet and when it alternately was raining and snowing.

The trial court was in a position to see the witnesses, to observe their demeanor as they testified and to evaluate their testimony. From what is set forth in the bill of exceptions, the testimony, if believed, gives ample support to the verdict and judgment arrived at by the trial court.

We conclude therefore the several assignments of error are not well taken and must be overruled, that the judgment of the court below should be affirmed and the appeal dismissed at the costs of the defendant-appellant.

DUFFY and WISEMAN, JJ., concur.