and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

SKEEL, C. J., ARTL and CORRIGAN, JJ., concur.

THE OHIO CASUALTY INS. CO. ET AL., APPELLANTS, *v.* LANDON, APPELLEE.

[Cite as Ohio Cas. Ins. Co. v. Landon, 1 Ohio App. 2d 317.]

(No. 620—Decided September 29, 1961.)

*Mr. Richard J. Rinebolt,* for appellants.
*Mr. Marcus C. Downing,* for appellee.

GUERNSEY, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court in a negligence action, wherein Inez Marie Petes and The Ohio Casualty Insurance Company, as subrogee under the provisions of a policy of insurance issued to her, were plaintiffs, and Leota Mae Landon, the driver of a car involved in a near collision with that driven by Inez Marie Petes, was defendant.

The action was tried to a jury on the issues of negligence and contributory negligence and resulted in a general verdict for the defendant. The negligence of defendant was based on allegations that she drove her car to the left of the center line and failed to signal a left turn, and the contributory negligence of plaintiff Petes was based on alleged excessive speed.

The plaintiffs, appellants herein, assign error in seven particulars, six of which were argued in their brief. The seventh assignment not being argued, we are not required to consider it. Section 2505.21, Revised Code. The others we will consider in the order assigned.

"Assignment of Error No. 1. The verdict and judgment is contrary to law and against the weight of the evidence."

Plaintiffs' contention under this assignment is "that the weight of the evidence shows that the defendant, Leota Mae Landon failed to signal her intention to turn and crossed the center line into the plaintiff, Petes', lane of traffic; that there was a failure of defendant to establish contributory negligence based on speed on the part of the plaintiff, Petes, and further that even if contributory negligence was established there was a failure to establish that it was the proximate cause of the damages."

A careful reading of the bill of exceptions establishes that the evidence as to both the issues of negligence and contributory negligence was conflicting, so that reasonable minds might differ as to the inferences to be drawn therefrom. Under such circumstances this court may not, as a matter of law, find the facts otherwise than as found by the trial court. See 3 Ohio Jurisprudence (2d), 789, Appellate Review, Section 809. The question whether plaintiff, Petes', contributory negligence, if any, was the proximate cause of the injury was a question properly for the jury, there being substantial evidence of probative value upon which the jury could base such conclusion. Plaintiffs' first assignment of error is, therefore, without merit.

"Assignment of Error No. 2. The court erred in excluding testimony offered by this appellant."

Under this assignment, plaintiffs contend that the trial court erred in (1) excluding testimony of plaintiff, Petes, on direct examination as to what she thought when she saw defendant's car approaching her; and in (2) excluding her testimony on redirect examination as to whether she could have stopped her car without striking defendant's vehicle.

Without deciding whether the testimony desired would have been otherwise proper, the plaintiff did not proffer what her answers would have been had the court permitted her to answer, and did not lay a foundation upon which this court could determine whether or not error had been committed. See 3 Ohio Jurisprudence (2d), 75, Appellate Review, Section 212, and authorities cited therein. Even accepting the voluntary statement of plaintiff, Petes, on page 16 of the bill of exceptions that "that is when I thought, 'should I hit her or should I take the gravel,' " as a proffer, the statement is in the alternative, constitutes a mere conjecture, and does not show a purpose, motive or intent of plaintiff different from that which could be reasonably inferred from other evidence before the jury. Under these circumstances its exclusion did not constitute prejudicial error.

"Assignment of Error No. 3. The court erred in admitting evidence offered by the adverse party over the objection of this appellant."

Plaintiffs contend that testimony of defendant and one Bower, a defense witness, admitted over objection as to the

speed of the Petes' car was speculative and inadmissible, and that the court also committed error in permitting officer Boren to use a photostatic copy of some type of report which was not submitted to plaintiffs' attorney for examination.

The record shows that both the defendant and Bower were experienced drivers and were in a position to observe the speed of the Petes' car under such circumstances and for a sufficient time to remove their conclusions from the realm of speculation. Their testimony was admissible and was subject to such weight as might be given to same by the jury.

The record reveals that plaintiffs' attorney knew what document the witness Boren had before him and what he was looking at and that the officer used it merely to refresh his memory. This court is of the opinion that the use of the document did not constitute error prejudicial to plaintiffs.

"Assignment of Error No. 4. The court erred in refusing to give the jury before argument certain written requests to charge, submitted by this appellant."

The requests to charge before argument were submitted to the court by the oral statement of counsel, "I have several special charges I'd like to submit." They consist of five consecutively numbered paragraphs in one document, prefixed by the words, "The court charges you as follows." Without considering any other imperfections therein, it is observed that the first, second and fourth numbered paragraphs consist of abstract propositions of law and the fifth numbered paragraph is too incomplete to be a proper statement of the law. See *Domagala* v. *Sheets*, 108 Ohio App., 320.

Under these circumstances, the requests being presented in a connected series of charges some of which are unsound, the refusal to give the requested charges did not constitute error prejudicial to the plaintiffs. See 4 Ohio Jurisprudence (2d), 372, Appellate Review, Section 1045, and authorities cited therein.

"Assignment of Error No. 5. The court erred in overruling this appellants motion for a new trial."

Plaintiffs' chief claim under this assignment is that counsel for defendant interjected into the trial an issue calculated to induce the jury to determine the case by considerations other than the evidence by making remarks as to the political affilia-

tion of the representative of the plaintiff The Ohio Casualty Insurance Company. A thorough reading of the bill of exceptions fails to reveal any remarks in this regard made by anyone, and there being no affirmative showing thereof this court cannot consider such assignment.

All of plaintiffs' other assignments and claims of error have heretofore been disposed of in the consideration of the foregoing assignments of error.

There being no error prejudicial to the plaintiffs, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MIDDLETON and YOUNGER, JJ., concur.