MASHETER, DIR. OF HIGHWAYS, APPELLEE, *v.* HOFFMAN ET AL., APPELLANTS.

(No. 70-538—Decided June 13, 1973.)

*Mr. William J. Brown,* attorney general, and *Mr. Donald J. Guittar,* for appellee.

*Messrs. Rini & Hecht, Mr. Martin A. Rini* and *Mr. Donald L. Goldman,* for appellants.

CORRIGAN, J. Appellants propose but one proposition of law for this court to consider:

"In condemnation proceedings * * * evidence of sales prices of other comparable real property is admissible on direct examination of one's own real estate expert as substantive proof of the value of the property under condemnation, where the conditions with respect to the other lands and the sales thereof are similar to those involved in the property under condemnation."

Appellee does not dispute that contention, but argues that appellants failed to meet their burden of proof, by a

preponderance of the evidence, that the similar properties are in fact comparable. Appellee argues further that the determination of whether similar properties are comparable, and the admissibility of evidence for the purpose of proving value, is within the sound discretion of the trial court, and that the trial court properly excluded such testimony.

Appellee's argument is without merit. There is no indication in the record that the trial court, in the exercise of its discretion, determined that appellants had failed to meet their burden of proving the comparability of the similar property. The court's ruling on appellee's objections states only that the law of Ohio does not permit testimony on direct examination as to sales prices of comparable property.

The sole question before this court is, therefore, whether the law of Ohio excludes, on direct examination, the testimony of one's own expert witness as to the sales prices of comparable real property as substantive evidence of the value of the land to be appropriated.

There has been a great deal of litigation on this issue in other jurisdictions, and two prevalent views have emerged. The majority view, or Massachusetts rule, states generally that the evidence is admissible if the conditions surrounding the two pieces of real property are similar and if the sale of the other real property was neither too remote in point of time nor of such character as to indicate that it did not represent the true value of the property. Annotation, 85 A. L. R. 2d 110, 114.

The minority, or Pennsylvania rule, holds generally that evidence of comparable sales prices of other land in the vicinity of the land in controversy is inadmissible as evidence of the substantive value of the land. 85 A. L. R. 2d 173. The jurisdictions adhering to the Pennsylvania rule, however, usually allow exceptions. Most courts permit the introduction of such evidence on cross-examination to show the competency of the expert to testify as to the value of the land in question; others, including Ohio, per-

mit evidence of the general selling prices of lands in the vicinity as opposed to particular sales. *Cleveland Terminal & Valley Rd. Co.* v. *Gorsuch* (1905), 8 C. C. (N. S.) 297.

The rationale for the Pennsylvania rule is based upon the fear that the introduction of the sales prices of comparable property would lead to collateral issues as numerous as the sales. *Walnut Street Federal Sav. & Loan Assn.* v. *Bernstein* (1959), 394 Pa. 353, 147 A. 2d 359.

The leading case in support of the Pennsylvania rule is *East Pennsylvania Rd.* v. *Hiester* (1861), 40 Pa. 53, wherein the court explained that the admission of evidence of sales prices of comparable property:

"* * * did not pretend to fix the market value of the land, but assumed to ascertain it by the special, and, it may be, exceptional cases named. This will not do, for if allowed, each special instance adduced on the one side must be permitted to be assailed, and its merits investigated on the other; and thus would there be as many branching issues as instances, which, if numerous, would prolong the contest interminably. But even this is not the most serious objection. Such testimony does not disclose the public and general estimate which, in such cases, we have seen is a test of value. It would be as liable to be the result of fancy, caprice, or folly, as of sound judgment, in regard to the intrinsic worth of the subject matter of it; and, consequently, would prove nothing on the point to be investigated. The fact as to what one man may have sold or received for his property, is certainly a collateral fact to an issue, involving what another should receive, and, if in no way connected with it, proves nothing. It is, therefore, irrelevant, improper, and dangerous. * * *"

The court also stated that evidence of "market value, or more properly, the selling price of land in the neighborhood," was not objectionable for the purpose of proving the value of the land in question.

A number of jurisdictions have reversed prior positions upholding the Pennsylvania rule, most notably Iowa and California. *Redfield* v. *Iowa State Hwy. Comm.* (1959),

251 Iowa 332, 99 N. W. 2d 413; *County of Los Angeles* v. *Faus* (1957), 48 Cal. 2d 672, 312 P. 2d 680. See, also, annotation, 85 A. L. R. 2d 110.

The inconsistency and faulty logic of the Pennsylvania rule is best expressed by Judge Ashburn in his concurring opinion in *County of Los Angeles* v. *Faus* (Cal. App. 1956), 304 P. 2d 257, 269, wherein the California Court of Appeals reluctantly excluded evidence of sales prices of comparable property on the basis of a prior decision of the California Supreme Court.

The concurring opinion, criticizing the Pennsylvania rule as adopted in California, states, at page 269:

"Everyone recognizes that the first thing a prospective buyer of any kind of property wants to know is what other people have paid for like property in the recent past. If interested in a listed stock or bond he goes to New York or American or Los Angeles Stock Exchange quotations and takes note of prices paid on sales, as well as bid and ask prices. If the stock is not listed he goes to the over-the-counter market quotations. If it is wheat or hogs or cotton or other commodities which interest him he goes through much the same procedure to learn what others have paid recently for like property. If a sale has been made of the same real or personal property which is under examination at a trial, evidence of that sale is admissible upon its value. * * * But when the valuation of realty is the problem, court and jury are suddenly cut off from informative sources and forced to rely (theoretically) upon opinions based principally upon undisclosed prices of other sales. The excuse for the rule is avoidance of collateral issues. * * *"

The effect of that rule upon the jury, as explained by Judge Ashburn, is that:

"The jury, having the case submitted to it upon the least enlightening evidence, is in for a real surprise when the instructions are given. Ever since adoption of the rule excluding other sales on direct it has been stated repeatedly that such sales, though the prices are given on cross-

examination, are not evidence of value, are to be considered only upon the imputation of lack of information or trustworthiness of the witness. The jurors are so instructed. They know that sales are the basis on which mankind universally values properties; they have many of the pertinent sales before them; when they hear the judge instruct that those sales are not any evidence of value the jurors who are still listening begin to wonder what is the matter with the judge; but those who are listening, as well as those who are not, pay no attention to that instruction and proceed to do the job the best way they can despite the barriers placed in their path by the court. This whole picture is unrealistic.''

The California Supreme Court, upon appeal, recognized the inconsistency of the Pennsylvania view, and, in a 4-3 decision, reversed the Court of Appeals on this issue and expressly overruled all prior decisions adhering to the Pennsylvania view. *County of Los Angeles* v. *Faus, supra* (48 Cal. 2d 672).

The California cases were cited by the Court of Appeals for Marion County in *In re Appropriation for Hwy. Purposes, supra* (15 Ohio App. 2d 55). In its opinion, at page 61, the Court of Appeals reasoned that ''* * * if there is truth in the proposition that evidence of comparable sales and sale prices elicited on direct examination is misleading to the jury, then it logically follows, as night follows day, that such evidence is equally misleading when elicited on *cross-examination. Ipso facto,* its admissibility on cross-examination is cogent, forceful argument and reason for its admissibility on direct examination. * * *''

The Court of Appeals also examined a number of Ohio cases cited in 19 Ohio Jurisprudence 2d 584, Eminent Domain, Section 163, as standing for the proposition that the law prevailing in Ohio excludes, on direct examination of one's own real estate expert, evidence of sales prices of comparable property. The Court of Appeals' examination revealed that this proposition was sustained only by *obiter dicta.*

The only case consistently cited for the exclusion of testimony as to the sales prices of comparable property is *Cleveland Terminal & Valley Rd. Co.* v. *Gorsuch, supra* (8 C. C. [N. S.] 297). That case involved the exclusion of testimony as to the general selling price of land in the neighborhood of the appropriated property. The Circuit Court held that such testimony is admissible, but not the price paid in a particular sale.

Subsequent to the *Gorsuch* decision, the Court of Appeals for Wayne County, in *Naftzger* v. *State* (1927), 24 Ohio App. 183, held that it was error to permit the state-condemnor to introduce, on cross-examination of condemnee's witnesses, evidence as to the sales prices paid by the condemnor to other property owners adjoining the condemnee's land for the reason that the sales in question were not freely made in the ordinary course of business. In so doing, the court stated, in paragraph one of the syllabus:

"In appropriation proceedings, evidence of actual sales of other lands and prices for which they were sold is competent, if they are similar in their situation, relative position, and other circumstances relating to value, and such sales are fair and open in the market."

This court has spoken on the issue in question in only one decision, i. e., *Ohio Turnpike Comm.* v. *Ellis* (1955), 164 Ohio St. 377, wherein the court held that it was not reversible error to admit on direct examination, as bearing on the question of the value of the land to be appropriated, the price at which a board of county commissioners, not required to sell, sold comparable nearby land, where the bidding procedure did not constitute a forced sale. However, the court pointed out that had the trial court rejected the evidence no error would have been committed.

The Ohio decisions indicate that it is not error to admit sales prices of other real property as substantive evidence of the value of the land to be appropriated, if such sales are comparable, i. e., if the properties are similar in their situation, relative position and other circumstances

relating to value, and are fair and open in the market. The *Ellis* decision also opines that it would not be error to exclude such evidence. We disagree.

This court has previously cited and followed the rule announced in 29A Corpus Juris Secundum 554, Section 136(5), which reads:

"* * * in determining the amount of compensation, or the market value of the property taken, each case must be considered in the light of its own facts, and every element that can fairly enter into the question of value, and which an ordinarily prudent business man would consider before forming judgment in making a purchase, should be considered." See *Sowers* v. *Schaeffer* (1951), 155 Ohio St. 454.

It is the opinion of this court that the sales prices of comparable real property in the vicinity of the land to be appropriated are factors that would influence any reasonable and prudent person in making a determination of the market value of the land in question. In the interest of substantial justice, such factors should not be disguised and confused beneath outmoded and unreasonable procedure. The so-called Pennsylvania rule, and its exceptions, creates more confusion and inequity in the valuation process than it was designed to prevent.

Logic and fairness require that the sales prices of comparable real property be admitted directly, subject to cross-examination, in order to facilitate the jury in making a reasonable and educated determination as to the market value of the land in question. This is the position taken by an increasing majority of jurisdictions. It is the only position consistent with a fair valuation.

For the foregoing reasons, we hold that, in appropriation proceedings, it is error for the court to exclude, on direct examination of one's own expert witness, evidence of sales prices of other comparable real property as substantive proof of the fair market value of the property to be appropriated, where such sales were concluded between purchasers who were willing, but not required, to

buy and sellers who were willing, but not required, to sell.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Probate Court for further proceedings in accordance with this opinion.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurring. As I comprehend appellee's argument, it is that even if the rule announced herein is the proper one, appellants should not prevail because the testimony proffered fails to establish that the excluded sales were "comparable."

Examination of the disputed testimony does reveal a lack of thoroughness on appellants' part. However, in view of the ruling with which appellants were forced to contend, the magnitude of the prejudice found by the Court of Appeals to have stemmed from that ruling, and the nature of this cause, justice would seem to be best served by a retrial of this matter under the changed rule of law.