POKORNY ET AL., APPELLEES, *v.* LOCAL 310, INTERNATIONAL
HOD CARRIERS, BUILDING COMMON LABORERS UNION,
APPELLANTS; LILBE TAVERN, INC., APPELLEE.

[Cite as Pokorny v. Local 310 (1973),
35 Ohio App. 2d 178.]

(No. 32163—Decided July 12, 1973.)

*Messrs. Merkel, Campbell, Dill & Zetzer, Mr. Eli Manos* and *Mr. Michael Gavin,* for appellee Lilbe Tavern, Inc.

*Mr. Mortimer Riemer,* for appellants, Local 310.

KRENZLER, J. The Cuyahoga County Commissioners filed a petition for appropriation of property in the Common Pleas Court of Cuyahoga County, Probate Division. Defendants included the property owner, Local 310, hereinafter referred to as appellant, and Lilbe Tavern Inc., tenant under a lease, hereinafter identified as appellee.

The jury assessed compensation to be paid by the Board of County Commissioners for the fee simple interest of the property in the sum of $285,000.

Appellant filed a motion for distribution in which the court was asked to hear evidence as to the respective interests of the parties and make distribution accordingly. Appellee requested a trial by jury on the issue of the amount of compensation to be paid to it. Appellant filed a motion to strike the jury demand of appellee for the reason that appellee was not entitled by law to a jury determination of the question of the value of its leasehold interest in the condemnation award.

The trial court granted the request for jury trial and denied the motion to strike the jury demand. A jury trial was had to determine the value of appellee's leasehold interest and the jury returned a verdict in the sum of $47,000.

Appellant filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. The motions were overruled. Appellant has appealed from the judgment of the trial court and assigns three errors:

1. The award was grossly excessive and not supported by the evidence.

2. The court erred in refusing to admit evidence of the rental price of comparable property.

3. The court erred in granting a jury trial.

Generally, appropriation cases encompass two stages: (1) a jury determination of the fair market value of the appropriated property, and (2) apportionment of the award among the respective interests in the property.

In this case we are only concerned with the apportionment of the award between the two defendants, the lessor and lessee; and the issue is whether the determination of the fair market value of the leasehold interest was proper.

In determining fair market value, there are three recognized methods of appraisal: (1) cost of reproducing property less depreciation, (2) market data approach utilizing recent sales of comparable property, and (3) income or economic approach based upon capitalization of net income. *State* v. *Covich* (1968), 67 Cal. Rptr. 280, 260 Cal. App. 2d 663; *United States* v. *Sowards* (10th Cir. 1966), 370 Fed. 2d 87.

Appellee's expert witness Robert Thomas testified that he used the income and market approaches in making his appraisal of the value of the leasehold interest.

He testified, and it is undisputed, that the present lease has three years and eight months remaining with an option for renewal of the lease for an additional five years making a total of eight years and eight months.

Mr. Thomas testified that the stabilized fair market rental was $15,432 per year and the actual rent under the lease for the remaining three years and eight months was $9,600 per year and the rental for the five year option period is $10,200 per year resulting in a leasehold value of $47,250.

Appellant had two expert witnesses, Herbert R. Chisling and Carl R. Larsen.

Mr. Chisling testified that in determining the value of the leasehold he used the comparable sales and economic approaches and concluded that the lease rental and the fair market rental were the same and that the leasehold had no value.

Mr. Chisling also testified that if the market rental was more than the lease rental, it would be proper to take the differential, for the term of the balance of the lease

and the option period, and discount it in determining the value of the leasehold.

Mr. Chisling was asked on direct examination what the discount would be if the difference between the fair market rental and lease rental were $47,000 on the subject property. There was an objection to the question and the objection was sustained. A proffer was made that the discount would be 47%.

Mr. Chisling then proceeded to describe six comparable properties in the area that he had used in determining the value of the leasehold of the subject property. When on direct examination he was asked a question regarding the rental price of these comparable properties, there was an objection which was sustained. The trial court stated that on direct examination evidence of comparable lease prices is not allowed. Appellant offered no proffer as to the rental charged on the comparable properties.

Mr. Chisling then testified that he took into consideration comparable rentals of six properties in determining that the leasehold had no value. This evidence was admitted without objection.

Mr. Carl Larsen, appellant's other expert witness, testified that he used the income and comparable rental approaches in determining leasehold value. He testified that he determined the rental prices of comparable properties in the area and used those in determining the value of the leasehold and concluded that the leasehold had no value. He testified that comparable rentals in the area are lower than the leasehold rental. When he was asked to state what the comparable rentals were there was an objection and it was sustained. There was no proffer entered as to what Mr. Larsen's answer would have been to the question.

Appellant's first assignment of error is that the award was grossly excessive and not supported by the evidence.

As noted above, appellee's expert witness testified that the value of the leasehold was $47,000 and appellant's expert witnesses testified that the leasehold had no value. The question of the value of the leasehold was then sub-

mitted to the jury, which returned a verdict for appellee in the amount of $47,000.

When there is an issue of fact submitted to the trier of fact, whether it be a court or jury, and there is credible evidence to support the finding or jury verdict and reasonable minds could come to different conclusions regarding the fact question, a Court of Appeals will not interfere with the verdict and resulting judgment. *F. E. Avery Co.* v. *George* (1959), 80 Ohio Law Abs. 595; *Frost* v. *O'Kross* (1926), 22 Ohio App. 174.

In support of its argument that the verdict is not supported by the evidence, appellant claims that the trial court committed prejudicial error in refusing to admit testimony regarding the discounting of the differential between the market rental and the lease rental for the term of the lease.

Discounting is the determination of the present value of future income or benefits. Appellant's theory of discounting leasehold value is that if there is value to the lease, the lessee will receive this value or benefit ratably over eight years and eight months, and if the lessee receives cash for this benefit at one time, the total amount should be discounted because the benefit will come to the lessee all at once and he does not have to wait for it. Some courts have recognized discounting in determining the value of a leasehold, *Great Atlantic and Pacific Tea Co.* v. *State* (1968), 22 N. Y. 2d 75, 238 N. E. 2d 705; *Land Clearance for Development Corp.* v. *Doernhoefer* (Mo. 1965), 389 S. W. 2d 780.

However, a majority of courts have ruled that the fair and reasonable market value of a leasehold interest is the full amount of the difference between the fair market rental value of the leased premises for the unexpired term and the rent paid under the terms of the lease. *Department of Public Works and Buildings* v. *Metropolitan Life Insurance Co.* (1963), 42 Ill. App. 2d 378, 192 N. E. 2d 607, 613; *In re Real Property in Borough of Manhattan* (1963), 241 N. Y. S. 2d 44, 49; *State* v. *Parkey* (Texas, 1956), 295 S. W. 2d 457.

Ohio also has not recognized the discount theory in determining the fair market value of a leasehold interest in apportionment proceedings between the lessor and a lessee in an appropriation case. The value of a leasehold interest is the difference between the lease rent and the fair market rent for the term of the lease and option period. *Frownfelter* v. *Graham* (1959), 169 Ohio St. 309; *The Queen City Realty Co.* v. *Linzell* (1957), 166 Ohio St. 249. There is no Ohio statute or reported case requiring discounting in determining value of a leasehold in an appropriation case.

The first assignment of error is not well taken. There was evidence to support the jury verdict, and discounting is not recognized in Ohio in determining leasehold value in appropriation cases.

Appellant's second assignment of error is that the trial court erred in refusing to admit evidence of the rental prices of comparable properties, because such evidence is proper as substantive proof of the value of a leasehold. Appellant states that when the trial court prevented its experts from fully explaining and justifying their opinion to the jury, it reduced their effectiveness and persuasion.

Appellee contends that evidence of comparable rentals should not be permitted on direct testimony because it lacks relevancy, because of the possibility of surprise to the other party, and because expert opinion regarding the value of property is too technical for the jury to understand.

Ohio has adopted the majority view that evidence of comparable sales is admissible on direct examination as substantive proof of the fair market value of the property to be appropriated where such sales were concluded between purchasers who were willing but not required to buy, and sellers who were willing but not required to sell. *Masheter* v. *Hoffman* (1973), 34 Ohio St. 2d 213.

It is noted that *Masheter* v. *Hoffman, supra,* deals with sales of comparable property and not comparable rentals. However, we can perceive no basis for distinguish-

ing between comparable sales and comparable rentals, and the principle of *Masheter* v. *Hoffman, supra*, must also apply to comparable rentals. Evidence of comparable rental prices may therefore be introduced on direct examination as substantive proof of fair market rent.

The trial court did commit error in not admitting evidence of comparable rental prices on direct examination to prove the value of the leasehold.

However, in reviewing the testimony of appellant's expert witnesses, we conclude that the refusal of the trial court to permit the expert witnesses to testify on direct examination as to comparable rentals was not prejudicial error. Appellant's experts testified that they used comparable rentals in determining leasehold values, and that they considered the area, and the comparable properties were described. The experts testified that the rentals of the comparable properties were less than the rentals on the subject property. The experts were then permitted to express their opinion that the leasehold of the subject property had no value because the comparable rentals were less than the lease rental of the subject property. Evidence as to the exact rentals paid for the comparable properties would have added little to appellant's case, and most probably would not have resulted in a different verdict. Exclusion of the rental prices was therefore not prejudicial.

Further, appellant did not make a proffer when the trial court sustained appellee's objection to the question asked of appellant's expert witnesses as to the rent of comparable properties. This distinguishes the present case from *Masheter* v. *Hoffman, supra.*

When a court sustains objections to a question a statement must be made or proffered as to what the expected answer would be in order that a reviewing court can determine whether or not the action of the trial court is prejudicial; and in the absence of a proffer, the exclusion of evidence may not be assigned as error. *Smith* v. *Rhodes and Wilt* (1903), 68 Ohio St. 500; *State* v. *Dimacchia* (1962), 116 Ohio App. 319; *Ohio Cas. Ins. Co.* v. *Landon* (1961), 1 Ohio App. 2d 317; *Pacic* v. *Century Food Mar-*

*kets* (1953), 68 Ohio Law Abs. 15. Also see, *Uniform Rules of Evidence*, Rule 5.

Appellee's three arguments against admissibility of comparable rental prices on direct examination are now foreclosed by *Masheter* v. *Hoffman, supra*, and require no further discussion.

For the foregoing reasons the second assignment of error is not well taken.

The third assignment of error is that the trial court erred in granting appellee's motion for a jury trial.

Appellant argues that Article I, Section 19 of the Ohio Constitution, providing that when private property is taken for public welfare, compensation shall be made to the owner and such compensation shall be assessed by a jury, does not govern the procedure in determining the value of a leasehold interest. It is the argument of appellant that the procedure to apportion the total award among those having an interest in the ownership is not taking of private property for public welfare requiring a jury trial under Article I, Section 19, Ohio Constitution. In other words, the lessee does not have a constitutional right to trial by jury.

Further, R. C. 163.18 provides that after a jury determines the total award and after reasonable notice to all the parties, the court shall hear evidence as to the respective interest of the owners in the property and make distribution of the deposit or award accordingly. Appellant contends that this language means that a judge must make this determination without a jury. Both of these arguments are not valid.

Article I, Section 19 of the Ohio Constitution, which guarantees a property owner a right to trial by jury applies to proceedings to determine the value of a leasehold in appropriation cases. This is part of the procedure of taking private property for public welfare, and a leasehold interest is considered private property for this purpose.

Further, R. C. 163.18 makes provision for hearing on a motion for distribution after the agency makes a deposit

or pays into court the jury award. After reasonable notice to all of the parties the court shall hear evidence as to the respective interests of the owners of the property and may make distribution of the deposit or award accordingly.

This section does not provide for a jury trial as a matter of right, but it is discretionary whether the court shall hear the evidence or provide for a jury trial after proper motion. If a request is made for a jury trial in the distribution proceedings in an appropriation case it is discretionary with the trial court whether it will grant such a motion and afford the parties a jury trial. See Civil Rule 39 (C); also, R. C. 2311.04. If the trial court grants such a motion and a jury trial is held, the jury verdict and judgment of the trial court will not be set aside in the absence of a showing of abuse of discretion and prejudicial error. *Crane* v. *Cheek* (1970), 27 Ohio App. 2d 27; *Pioneer Mutual Cas. Co.* v. *Betton* (1958), 78 Ohio Law Abs. 25; *Acme Mortgage Co.* v. *Parker* (1934), 17 Ohio Law Abs. 97; R. C. 2311.04 and Civil Rule 39(C).

There being no showing of abuse of discretion or prejudicial error, the third assignment of error is not well taken.

*Judgment affirmed.*

SILBERT, P. J., and DAY, J., concur.