SMITH, DIRECTOR OF TRANSPORTATION, APPELLEE, *v.* SHAKER ET AL., APPELLANTS.

140

(No. 1351 — Decided May 22, 1985.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *John D. Allton,* for appellee.

*Hugh I. Troth,* for appellants.

GEORGE, P.J. The defendants-appellants, Albert and Elizabeth Shaker, appeal the verdict and judgment awarding them $16,750 for the appropriation of a portion of their property. This court reverses that judgment.

On January 24, 1983, the Director of Transportation, Warren J. Smith, filed a petition for the appropriation of property owned by the Shakers. The state valued this property at $16,750, which amount the Shakers thought was inadequate. They requested a jury trial to determine the true value of the property.

The jury awarded the Shakers $16,750 for the property taken and found there was no damage to the residue. The trial court entered judgment on this verdict. The Shakers appeal raising the following assignment of error:

"The trial court refused to permit the expert witness of the landowner to testify as to matters that directly reflect upon the value of the land to be taken and the damage to the residue."

Each case must be considered in the light of its own facts. Every factor that can fairly enter into the determination of value and which an ordinarily prudent person would consider before making a decision to purchase, should be considered. *Masheter* v. *Hoffman* (1973), 34 Ohio St. 2d 213 [63 O.O.2d 357]; and *Sowers* v. *Schaeffer* (1951), 155 Ohio St.

454 [44 O.O. 419]. Evidence which is material to the determination of value is admissible. See paragraph three of the syllabus of *Director of Highways* v. *Bennett* (1962), 118 Ohio App. 207 [25 O.O.2d 57], which provides:

"Its market value is the chief criterion for determining the value of land taken in an eminent domain proceeding, and although the admission and exclusion of evidence as to the value of the land rests to a large extent in the discretion of the trial court, nevertheless, evidence which is legally competent, relevant and material incident to the determination of the market value is admissible."

Here the Shakers' land value expert testified that the highest and best use for the undeveloped property in this area was a shopping center. The state argued that the use was one of commercial-industrial. The rule of valuation is what the property is worth for any and all uses for which it may be suitable, including the best and most valuable uses to which it can lawfully, reasonably, and practically be adapted. The Shakers' property was zoned for a shopping center use and it could be lawfully so developed. Thus, evidence of a shopping center purpose was admissible along with any reasonable inferences which could be drawn from taking a portion of the property, including the loss of parking spaces.

This expert further testified that there was damage to the residue by reason of the appropriation. Local zoning required a shopping center to have four hundred square feet of parking space for each two hundred square feet of building. The property being appropriated as shown on the owners' development plan was allocated for parking spaces. Thus, the appropriation of that portion of the property decreased the potential size of the shopping center building which was to be built upon the residue.

The expert also testified that the

value of the Shakers' property was $560,000 before the take and $496,000 after the take. He allocated the $64,000 diminished value between the land value of $19,100 for that portion of the property being taken and the damage to the residue of $44,840. He further testified that fifty percent of the damages was attributable to the lost parking spaces.

The trial court sustained the state's objection to the expert's opinion of value based upon the loss of parking spaces and also struck from the record the expert's fifty percent damage reference. The loss of parking spaces is a factor to be considered in determining the fair market value of this undeveloped property. The exclusion of this testimony may have affected substantially the noted difference between the owners' valuation and that fixed by the jury. The owners have a right to present evidence concerning the effect of the take on the usability of their remaining land. See 38 Ohio Jurisprudence 3d (1982) 242, Eminent Domain, Section 165.

It is for the jury to determine what is the most valuable use to which the land can be adapted. To exclude testimony of a diminished value of the residue, due to the loss of parking spaces for a shopping center, was prejudicial to the Shakers. The jury is entitled to have all relevant information presented to make an intelligent and informed decision of value.

In this case to conclude that the loss of parking spaces was speculative and therefore inadmissible was tantamount to concluding that the proposed shopping center was likewise speculative. This is supported neither by the facts nor the record. It was, therefore, error to conclude that the loss of parking spaces was speculative. See *Masheter* v. *Mariemont, Inc.* (1971), 36 Ohio App. 2d 78 [65 O.O.2d 70], for a discussion of speculative uses. Thus, this evidence was improperly excluded from the jury's consideration.

The verdict and judgment of the trial court are reversed and the cause is remanded for further proceedings according to law and in compliance with this opinion.

*Judgment reversed
and cause remanded.*

MAHONEY and QUILLIN, JJ., concur.