RICHLEY, DIR. OF HIGHWAYS, *v.* CURTIS ENTERPRISES, INC.

---

[3]In the case at bar, Motorola did file a financing statement in order to perfect its security interest in the equipment. Its assignee, Associates, did not have to file a new financing statement in order to continue the perfected status of the security interest. R. C. 1309.21(B).

(No. 771,099—Decided November 24, 1971.)

Common Pleas Court of Cuyahoga County, Probate Division.

*Mr. Bronis J. Klementowicz*, chief assistant attorney general, for plaintiff.
*Mr. Sanford Likeover*, for defendant.

YOUNG, SR., J. (sitting by assignment). This matter came on for hearing upon a motion by the defendant, Curtis Enterprises, Inc., seeking answers to interrogatories and production of documents. Oral hearing was had on September 30, 1971, and exhaustive briefs have been filed by the parties.

The first question the court must determine is whether the rules of civil procedure apply to appropriation cases in any respect.

Rule 1(C) as amended, effective July 1, 1971, reads in part:

"These rules to the extent that they, by their nature, be clearly inapplicable, shall not apply to procedure * * * (2) in the appropriation of property."

Therefore, it seems the inverse must also be true. Thus, where the rules are, by their nature, clearly applicable, they do apply to appropriation matters.

R. C. 163.22 provides in part:

"All proceedings brought under R. C. 163.01 to 163.22, inclusive, shall be governed by the law applicable in civil actions to the Court of Common Pleas, except as otherwise provided in such sections * * *."

. The court is of the opinion and so finds that the Ohio Rules of Civil Procedure are applicable to appropriation cases, but with certain limitations.

Rule 26 (B) (4) (a) applying to a *specially retained or employed expert* is not available for use presently because it is permissible only when the party seeking discovery can show that he "is unable, without undue hardship, to obtain facts and opinions on the same subject by other means," or "other exceptional circumstances indicating that denial of discovery would cause manifest injustice." (Emphasis added.)

There is nothing in the record to indicate that the defendant has or will suffer "undue hardship," or that denial of discovery would cause "manifest injustice."

Rule 26 (B) (4) (b) deals with *an expert witness to be called at trial.* Under this rule, a party may, by interrogatory, require any other party to:

(1) identify each expert witness expected to testify at trial;

(2) state the subject matter upon which the expert will testify.

Once the expert and his subject is identified, a party may discover from the expert the facts known or opinions held by the expert which are *relevant* to the expert's subject. Discovery subsequent to identification of the expert and his subject is restricted to the opinions and the grounds therefor "previously given * * * or those to be given on direct examination at trial." (Emphasis added.)

R. C. 163.10 provides a limitation on depositions. The last sentence thereof reads:

"No evidence may be adduced or elicited in depositions as to the value or appraisals on cross-examination, unless raised by direct examination."

Thus, under R. C. 163.10 a party or his expert may not be cross-examined regarding valuation or appraisals at least until he has opened the door through testimony given on direct examination.

While the statute specifically refers to depositions, it is my opinion that it also applies to interrogatories. The

scope of inquiry by interrogatories is the same as for oral depositions or other discovery procedures. (See Rule 33 (B).)

Coming now to dispose of the seven interrogatories, the Court finds:

Number 1, which reads "State your name and capacity with the state of Ohio.", shall be answered, although it is common knowledge that William J. Brown is the Attorney General of the state of Ohio.

Number 2, which reads, "Give the name and address of each and every expert witness who is expected to testify on behalf of the state of Ohio in this case.", shall be answered.

Number 3, which reads, "Give the subject matter that each expert witness will testify about."; shall be answered.

Number 4, which reads, "Give the name and address of each person who has inspected the property on behalf of the state of Ohio" shall be answered only in so far as it applies to persons who have inspected the property for the purpose of testifying in this law suit.

Number 5, which reads, "Give the dates of inspection for each person referred to above" shall be answered within the limits set out in Number 4 supra.

Number 6, which reads, "Which experts have delivered appraisal reports to the state of Ohio with reference to the subject property?" shall be answered, but within the limits of Numbers 4 and 5 supra.

Number 7, which reads, "Attach hereto a copy of the appraisal report for each expert expecting to testify in this case on behalf of the state of Ohio" need not be answered, the reason therefor being that I find no relevancy in this question to the subject matter of this action at this time. Because of this finding, it is unnecessary to decide whether the reports of appraisers are privileged or come within the protection of the "work product" doctrine.

The interrogatories required to be answered shall be completed on the 30th day of December 1971, and on said date shall be delivered to Curtis Enterprises provided that simultaneously therewith answers to like questions, if

submitted by the state of Ohio, are answered by Curtis Enterprises, and delivered to the state of Ohio. Failure of either party to comply with this order shall be brought to the attention of the court for further disposition.

Also: The court is called upon to decide a request for production of certain documents as required by Civil Rule 34.

Request Number 1: To inspect and copy the construction drawings for the construction of U. S. Route 422 in Cuyahoga County from Station 856 + 00 to Station 871 + 100 or; in the alternative, to furnish to the said defendant a copy of said drawing.

At the time of hearing, it was determined that this information would be furnished by permitting the defendant to copy the documents at their present location, be it at the office of the Director of Highways in Cleveland or in Columbus, Ohio; or if it would rather have copies furnished, upon seven days notice the state of Ohio, Department of Highways shall furnish true and accurate copies of said drawings.

Request Number 2: The request to copy appraisal reports, or in the alternative, to be given copies thereof: Request denied.

The first sentence of Civil Rule 34(B) states that it is subject to the discovery provisions of Rule 26(B). As heretofore stated, there is no evidence before the court to show that the defendant can not get the same information without "undue hardship" or that to deny the request would be "manifestly unjust." Rule 26 (B) (4) (A) is applicable here.