MASHETER, DIR. OF HIGHWAYS, APPELLANT, *v.* BREWER ET AL., APPELLEES.

(No. 73-975—Decided November 6, 1974.)

*Mr. William J. Brown*, attorney general, *Mr. Donald J. Guittar* and *Mr. Daniel P. Ruggiero*, for appellant.

*Mr. Clay E. Hunter*, for appellees.

STERN, J. This court, in *Masheter* v. *Hoffman* (1973), 34 Ohio St. 2d 213, 298 N. E. 2d 142, established the rule in Ohio that evidence of sale prices of other comparable real property is admissible "as substantive proof of the fair market value of the property to be appropriated, where such sales were concluded between purchasers who were willing, but not required, to buy and sellers who were willing, but not required, to sell."

However, the instant case presents an issue which was not considered in that case: Where the sale of other comparable property is to an authority under its power of appropriation, is the price paid admissible as evidence of the fair market value of the property being appropriated?

Section 19, Article I of the Ohio Constitution, and the Fifth Amendment to the United States Constitution guarantee just compensation to one whose property is appropriated for public use. The test of just compensation, as stated by the court in *Masheter* v. *Hoffman, supra*, is the "fair market value" of the property. In that case, this court, at page 221, recognized that evidence of prices paid for comparable property "would influence any reasonable and prudent person in making a determination of the market value of the land in question," and therefore permitted the admission of such prices as substantive evidence of fair market value.

The concept of fair market value requires that the bargained price was freely arrived at, *i. e.*, that the transaction was between a willing buyer and a willing seller. Where the sale is forced, either the seller is obliged to act with undue haste or the buyer is compelled to pay a higher price than an ordinary purchaser would be willing to pay. Therefore, the price paid on such forced sales is not competent as evidence of the fair market value of the property.

A sale in an appropriation proceeding has some of the characteristics of a forced sale. The property owner is

forced to sell; therefore, he is not a willing seller. And, because the public use for which the property is taken will probably require a certain parcel of land the appropriating authority will be compelled to buy; it is, therefore, not a willing buyer. In all sales to an authority under its power of appropriation, there lies this taint of compulsion.

It is the general rule in other jurisdictions that sales to an appropriating authority are not ordinarily admissible as evidence of fair market value. 5 Nichols on Eminent Domain (3 Ed.), Section 21.33. See, e. g., Socony Vacuum Oil Co. v. State (Iowa, 1969), 170 N. W. 2d 378; Chicago v. Avenue State Bank (1972), 4 Ill. App. 3d 235, 281 N. E. 2d 66; Leon v. State (Tex. 1968), 426 S. W. 2d 562.

The reason generally given for holding the price paid for property in appropriation proceedings to be inadmissible in evidence is that the price represents a compromise between the parties rather than a fair market price.

In the instant case, the only evidence offered to support the admission in evidence of the price paid by the city of Canton for the Salt's Plumbing property, taken for an urban renewal project, was the testimony of the appellees' appraiser Frye that the Brewer property was "of sounder value" than the Salt's Plumbing building. There was no testimony as to the size, income or other factors relevant to the value of that property, nor was there any testimony as to the circumstances of the sale. Frye testified only that "by eye-balling it and so on and so forth, I would say you could pretty well compare the two."

The price paid by Canton for the Maggoire property was also admitted in evidence. Appraiser Frye testified that the Brewer property in his opinion "was a sounder property from a value standpoint" than the Maggoire property. Again, no evidence was submitted as to the size of that property, or as to other factors relevant to the value of the property or the circumstances of the sale. Upon cross-examination, Frye stated that "you couldn't compare" the two properties.

Because no adequate foundation was laid in the present

case to establish that the sales to the city of Canton were sufficiently voluntary to be a reasonable index of fair market value, we are not presented with the issue of whether the price paid by an authority under its power of appropriation is wholly inadmissible, or whether, as some courts have held, it may be admissible either where a proper foundation is laid to establish that the price paid was not materially affected by the purchaser's power of appropriation (*Amory* v. *Commonwealth* [1947], 321 Mass. 240, 72 N. E. 2d 549; *County of Los Angeles* v. *Faus* [1957], 48 Cal. 2d 672, 312 P. 2d 680; *Eames* v. *Southern New Hampshire Hydro-electric Corp.* [1932], 85 N. H. 379, 159 A. 128; *Curley* v. *Jersey City* [1912], 83 N. J. L. 760, 85 A. 197), or where, in the discretion of the trial judge, the evidence is necessary as being the only evidence of comparable sales. (*Honolulu Redevelopment Agency* v. *Pun Gun* [1967], 49 Haw. 640, 426 P. 2d 324.) See McCormick on Evidence, 472 (2d Ed. 1972).

Upon the great weight of authority, it was clearly error to admit the prices paid by the city for the Maggoire and Salt's Plumbing properties as evidence of the fair market value of the Brewer property. Because the jury award was closer to the appraisal value offered by the property owners' witness than to the appraisal value of the department's witness, and because the subject of the Maggoire and the Salt's Plumbing properties was a fundamental part of the property owners' case, we cannot find such error to be harmless. We therefore reverse the judgment of the Court of Appeals and remand the cause to the Court of Common Pleas for further proceedings in conformance with this opinion.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.