HUDSON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellee,

v.

HUDSON PARK ESTATES, INC.; Dubetz et al., Appellants.

[Cite as *Hudson Local School Dist. Bd. of Edn. v. Hudson Park Estates, Inc.* (1989), 64 Ohio App.3d 119.]

Court of Appeals of Ohio,
Summit County.

No. 14039.

Decided Sept. 20, 1989.

*William M. Oldham* and *Robert M. Gippin*, for appellee.

*Scott H. Ruport* and *Mark W. Bernlohr*, for appellants.

CACIOPPO, Presiding Judge.

The Hudson Local School District ("school") filed a complaint for appropriation pursuant to R.C. Chapter 163. The school sought to acquire the title in fee simple to five contiguous parcels of real property. Stephen Dubetz and Julia Bower Dubetz ("Dubetz") owned three of the five parcels.

After the complaint was filed, the school and all defendants except Dubetz settled the case. Those defendants were dismissed pursuant to Civ.R.

41(A)(1). The case proceeded to a jury trial with the school and Dubetz remaining as parties. The jury awarded Dubetz's fee simple interest to the school for the amount of $126,500. The trial court entered the appropriate judgment.

Dubetz appeals.

"Assignment of Error I

"The court committed prejudicial error in not instructing the jurors pursuant to property owners' specific requests for instructions containing instructions one through eight and specifically not charging the jury as requested in instruction number three."

█ Dubetz submitted proposed jury instructions. Dubetz argues that the jury would have determined a different property value if the trial court would have given the proposed instructions. Specifically, Dubetz contends that the trial court should have included the language "highest and best use" rather than "most valuable and best uses to which it could reasonably and practically be adapted."

Both the proposed instructions and the instructions given concern the basis for determining property value. The proposed instructions are included in those which the trial court gave. The trial court's giving the proposed instruction would not have yielded a different result. See *Pitzer v. Halpern* (Apr. 13, 1988), Medina App. No. 1635, unreported, 1988 WL 38082.

The first assignment of error is overruled.

"Assignment of Error II

"The court committed prejudicial error in not allowing the school board to be cross-examined concerning the actual purchase of the adjacent sixty acres from Hudson Park Estates."

█ Dubetz contends that the trial court erred in not allowing the superintendent of the school to be cross-examined concerning the actual sale price of a contiguous parcel of property. The trial court sustained an objection based on relevance.

An appropriation is a compulsory sale which may not reflect a fair market value, in that fair market value usually is determined from a willing seller and a willing buyer negotiating at arm's length. The price the school paid for other appropriated property is not a dependable index of fair market value for the property being appropriated, and it is error for the trial court to admit such evidence as substantive proof. *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 275, 18 OBR 322, 328, 480 N.E.2d 794, 800,

citing *Masheter v. Brewer* (1974), 40 Ohio St.2d 31, 69 O.O.2d 202, 318 N.E.2d 849, syllabus.

The second assignment of error is overruled.

"Assignment of Error III

"The court committed prejudicial error in not allowing into evidence plaintiff's exhibit 'P–2' which was a list of lot prices of comparable property after the school board's attorney opened the door to the Hunt Club lot prices."

■ Stephen Dubetz testified in support of his claims in the appropriation. The trial court sustained the school's objection to a question concerning the asking price of lots in the Hunt Club development. Stephen then responded to a question requiring an opinion as to comparable values of the Dubetz property and the Hunt Club. Stephen testified that the Hunt Club lots were not as valuable, "but they're priced a lot higher than what I have projected my costs to be."

Dubetz sought to introduce into evidence Exhibit P–2, which was a list of Hunt Club lot prices. The trial court sustained the school's objection but permitted a proffer of the exhibit and supporting testimony. Dubetz argued that the school had opened the door to admitting the exhibit. The trial court found that the school had not questioned Stephen on lot values.

The trial court did not err in not allowing Exhibit P–2 into evidence. Stephen's testimony clearly indicates that the listed prices were merely asking prices and, in his opinion, not relevant to the actual market value of his own property.

The third assignment of error is overruled.

"Assignment of Error IV

"The court committed prejudicial error in overruling the property owners' motion for judgment on the pleadings pursuant to Civil Rule 12(C) in that the resolution was not attached and the complaint should have been dismissed."

■ R.C. 163.05 requires a public agency to file a petition for appropriation, which must contain a copy of the public agency's resolution to appropriate. The school's petition contained an averment that the school passed a resolution for appropriation, which was attached to and fully incorporated in the petition. However, the school failed to attach the resolution.

After filing a responsive pleading, Dubetz filed a motion for judgment on the pleadings. Dubetz argued that the school failed to comply with the R.C. 163.05 requirements. The school filed a motion for leave to amend, in order to attach the resolution for appropriation. The trial court granted the motion to amend and denied the motion for judgment on the pleadings. The trial court

did not abuse its discretion in granting the motion to amend pursuant to Civ.R. 15(A).

The fourth assignment of error is overruled.

"Assignment of Error V

"The court committed prejudicial error in granting the School Board's motion to quash the notice of examination and the subpoena to John Emig and the request for production of documents pursuant to the court's order filed January 10, 1989."

■ Dubetz filed a notice of examination of the school's expert appraiser and also served upon the school a request for production of documents. The school filed a motion to quash both the documents request and the examination. The school relied upon R.C. 163.10 to support the motion. Dubetz opposed the motion to quash, arguing that the school interpreted R.C. 163.10 improperly and that the Ohio Rules of Civil Procedure govern discovery matters. The trial court granted the motion to quash.

■ R.C. 163.22 states in part:

"All proceedings brought under sections 163.01 to 163.22, inclusive, of the Revised Code, shall be governed by the law applicable in civil actions in the court of common pleas except as otherwise provided in such sections. * * * "

R.C. 163.10 states in part:

" * * * Depositions of the officers, agents, or employees of the agency or owner shall be taken as on cross-examination. No evidence may be adduced or elicited in depositions as to value or appraisals on cross-examination, unless raised by direct examination."

"Thus, under R.C. 163.10 a party or his expert may not be cross-examined regarding valuation or appraisals at least until he has opened the door through testimony given on direct examination." *Richley v. Curtis Enterprises* (1971), 30 Ohio Misc. 82, 84, 59 O.O.2d 326, 328, 284 N.E.2d 207, 208.

In addition to the discovery limitation which R.C. 163.10 imposes, Civ.R. 26(B)(4)(a) permits discovery from an expert retained in anticipation of litigation only upon a showing of undue hardship or exceptional circumstances indicating that denial of discovery would cause manifest injustice. Dubetz failed to show that the school's expert was aware of facts or had formulated an opinion on property valuation that was not available through other means.

■ Dubetz contends that even if deposition of the expert was not proper, the trial court erred in not permitting production of the requested documents. Dubetz asserts that the request included documents other than those relating to the expert appraiser's report.

The actual requests are not part of the record and therefore not before this court. Also, the record does not include a showing of good cause, which is required of a party seeking discovery of documents prepared in anticipation of litigation or for trial. Civ.R. 26(B)(3).

The fifth assignment of error is overruled.

"Assignment of Error VI

"The court committed prejudicial error in overruling the property owners' motion in limine to exclude all documents set forth on the property owners' prior request for production of documents with the exception of the expert report that was actually exchanged."

Dubetz assigns a distinct error but relies upon the argument set forth in the fifth assignment of error. The trial court did not err in overruling the motion in limine because the motion for production of documents was quashed.

The sixth assignment of error is overruled.

"Assignment of Error VII

"The court committed prejudicial error in overruling the property owners' motion to continue trial, compel response, contempt and award of sanctions and attorney fees."

■ The grant or denial of a continuance is within the discretion of the trial court. Also, the trial court must exercise discretion in discovery matters. A trial court does not abuse discretion in denying a continuance or additional discovery where the discovery will not aid in establishing or negating facts that are relative to the issue in the case.

■ Dubetz asserts but fails to establish that the discovery which was denied was essential, and lack of that discovery was prejudicial. Neither party called as witnesses the individuals that Dubetz claims were subject to deposition. The school called Superintendent Reeves, who Dubetz did depose, but did not elicit from that witness any testimony which is the subject of the assigned error. Dubetz was permitted the opportunity for cross-examination. Also, the school's exhibits were entered into evidence without objection.

The seventh assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

BAIRD and HAYES, JJ., concur.

JERRY L. HAYES, J., of the Domestic Relations Court of Portage County, sitting by assignment.