OPINION
This appeal is taken by Defendant-Appellant C. Randolph Strauch from the ruling entered by the Court of Common Pleas of Crawford County in an eminent domain action ordering that Strauch's experts complete a report of their opinions and submit them to the City of Bucyrus in accordance with the Ohio Rules of Civil Procedure and the Local Rules of the Court or they would not be permitted to testify.
On February 16, 1999, the City filed a Petition for Appropriation under O.R.C. § 163.01 to appropriate a fee simple interest in two parcels of land located in Bucyrus, Ohio, described in the petition as Parcel 4WDV and 5WVD, and to appropriate a temporary easement in another parcel of land abutting these parcels, described in the Petition as Parcel 5T. All of the parcels described in the Petition are owned by Defendant/Appellant C. Randolph Strauch.
At the time of filing its Petition, the City also filed a Declaration of Intention to Take Possession and Notice of Deposit of Funds, along with two checks, in the amounts of $5050.00, which represented City's estimate of the fair market value of Parcel 4WDV along with estimated damages to the residue and $56,005.00, which represented City's estimate of the fair market value of Parcels 5WDV and 5T, along with estimated damages to the residue. On February 23, 1999, the trial court issued a judgment entry granting the City of Bucyrus immediate right of possession and right of entry onto the properties.
On June 21, 1999 the City of Bucyrus sent a letter to Strauch that included a copy of the appraisal report from the Ohio Department of Transportation. The letter also requested that Strauch forward "copies of any appraisal on fair market value" of the property to the City of Bucyrus. Despite the lack of information contained within the record it appears from the briefs filed by Strauch and the City of Bucyrus that on June 22, 1999, Strauch sent a letter to the City of Bucyrus that identified the experts he had intended to contact. However, it remains unclear if the letter stated whether or not the proposed experts would be testifying or not.
According to the briefs, on August 5, 1999, the City served a set of discovery requests, which included both interrogatories and document requests upon Strauch. The interrogatories answered by Strauch identified the experts who were to be testifying on behalf of Strauch. In addition to the interrogatories the following document requests were made and answered as follows:
Document Request No. 1.:
 Produce any and all studies, statements, reports, including expert reports documents, photographs, invoices, correspondence, or other items of evidence described or identified in any of the foregoing interrogatories, or referred to by you, your agents or attorneys, in order to answer any of the foregoing interrogatories.
 Neither Neg[sic] Gregg nor Jerry Volkmer have prepared written reports. Any reports obtained by non-witnesses are not discoverable in that they were obtained for the purposes of trial preparation.
 Document Request No. 2.:
 Produce any and all written reports, including expert reports, appraisals, survey, maps, diagrams, charts, tables, or other documents in your possession or control that contain engineering, economic, valuation, comparable sales, or other data relating to the issue of compensation for property.
 Neither Ned Gregg nor Jerry Volkmer have prepared written reports. Any reports obtained by non-witnesses are not discoverable in that they were obtained for purposes of trial preparation.
On August 31, 1999, the City of Bucyrus filed it's pretrial statement. The statement presented only one legal issue to the court for review and that was stated as, "the exchange of expert reports on valuation prior to trial." The City alleged that the reason for the exchange of expert reports was "obvious" and argued the following in support:
 In appropriation cases full pretrial disclosure of expert witnesses, appraisers' opinions and the details upon which they are based is required if the Ohio Rules of Civil Procedure are to accomplish their purpose and this court determines that Rule 26(B)(4)(b) extends to any matter not privileged which is relevant to the subject matter involved in the pending action. The testimony of appraisers is the crux of the trial and full disclosure of their opinions and the foundation upon which they rest are essential to adequate litigation, subject to the court's power to control the timing scope and other protective steps.
The trial court held a pretrial on September 13, 1999 at which time the court requested the parties to file motions on the issue of discovery of the expert opinions. On September 24, 1999, the parties exchanged motion papers. Strauch filed a motion for a protective order seeking to prevent the court from ordering the exchange of expert reports. The City, in turn filed a motion to compel Strauch to produce, prior to trial, a written report from each real property expert he intended to offer as a witness at trial.
On November 17, 1999, the trial court issued a judgment entry granting the City's motion to compel the exchange of expert reports prior to trial, and explained its reasons for doing so as follows:
 In arriving at its decision, the Court needs to look not much further than the purpose and scope of the Rules of Civil Procedure along with the reasons therefore. Needless to say, one of the compelling reasons full pretrial disclosure by both parties is encouraged is so that productive settlement negotiations can take place.
 Even though this is an appropriation case, the exchange of expert reports under the Civil Rules will further the interest of an efficient and informed trial in this case and allow the parties to focus on the fair market value, which is truly in dispute.
 * * *
 The reasoning behind the rules which allow nondisclosure of these types of reports has long passed. This Court realizes that historically the framers of this rule basically were landowners and were very protective of their personal property. In this later date of open discovery and in the interest of justice, this Court finds that the Civil Rules apply to all discovery proceedings including the appropriation of property. Justice requires that the testimony of appraisers is the crux of the trial and full disclosure of their opinions and the foundation upon which they rest are essential to adequate litigation and that appraisal information, including appraisal reports, is a proper matter for discovery and may be obtained.
 On appeal from that entry Strauch makes the following assignment of error:
 The trial court erred in an appropriation proceeding by ordering appellant, property owner, to provide his expert witnesses' written reports regarding valuations of the subject property to the appellee.
Strauch's sole assignment of error claims that the trial court erred by ordering production of his expert opinions in the form of reports. More specifically, Strauch argues that the R.C. § 163.10
disallows the production of such documents despite the fact that the Ohio Rules of Civil Procedure may mandate production. Whether the trial court did indeed err in ordering production of Strauch's experts' reports hinges on whether or not that production is controlled by Chapter 163 of the Revised Code or the Ohio Rules of Civil Procedure.
The Ohio Rules of Civil Procedure were submitted for approvalto the General Assembly in 1969. Civil Rule 1(C) specifically waslater amended in 1971. Civil Rule 1(C) provides that to theextent they are clearly inapplicable, the Ohio Rules of CivilProcedure do not apply to procedures in the appropriation ofproperty.
Chapter 163 of the Revised Code governs appropriation proceedings. R.C. § 163.22 provides:
 All proceedings brought under sections 163.01 to 163.22, inclusive, of the Revised Code, shall be governed by the law applicable in civil actions in the court of common pleas except as otherwise provided in such sections.
 A fair interpretation of these provisions may compel the conclusion that actions for the appropriation of property are exempted from the general application of the Civil Rules to the extent that specific procedure is provided by statute. However, conversely speaking, it may be more accurate to consider the Civil Rules to be generally applicable in all appropriation proceedings unless there is a specific procedural conflict. At least one court has held that the rules are indeed generally applicable unless specific procedure under the statute conflicts with the Rules. Montgomery County v. McQuary (1971), 26 Ohio Misc. 239, 265 N.E.2d 812.
The issue then turns on whether or not a conflict exists, or rather, whether the Civil Rule 26(B)(4)(b) is "clearly inapplicable" in an appropriation proceeding whose discovery procedure is governed in part by § 163.10.
It must be remembered that the management of discovery lieswithin the sound discretion of the trial court. State ex rel.Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 63 O.O.2d 88,295 N.E.2d 659, paragraph one of the syllabus; Karmasu v. Bendolph(Feb. 21, 1996), Scioto App. No. 95CA2370, unreported, 1996 WL79660. An appellate court reviews a trial court's ruling on amatter of discovery for an abuse of discretion. Daggett, supra,at 58, 63 O.O.2d at 90, 295 N.E.2d at 661; Glick v. Marler (1992),82 Ohio App.3d 752, 758, 613 N.E.2d 254, 258-259; Smith v. Klein(1985), 23 Ohio App.3d 146, 151, 23 OBR 387, 392-393,492 N.E.2d 852, 858-859.
An abuse of discretion connotes an attitude on the part of the trial court that is arbitrary, unreasonable, or unconscionable.Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30-31. Moreover, when applying this standard of review, an appellate court may not freely substitute its judgment for that of the trial court. In reJane Doe 1 (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181,1184-1185.
R.C. § 163.10 which became effective on January 1, 1966 and waslater amended in 1973 provides that in appropriation proceedings:
 * * * No evidence may be adduced or elicited in depositions as to value or appraisals on cross-examination, unless raised by direct examination.
Civil Rule 26 (B)(4)(b) provides:
 As an alternative or in addition to obtaining discovery under subdivision (B)(4)(a) of this rule, a party by means of interrogatories may require any other party (i) to identify each person whom the other party expects to call as an expert witness at trial, and (ii) to state the subject matter on which the expert is expected to testify. Thereafter, any party may discover from the expert or the other party facts known or opinions held by the expert which are relevant to the state subject matter. Discovery of the expert's opinions and the grounds therefore is restricted to those previously given to the other party or those to be given on direct examination at trial.
Several courts have interpreted the above statute to limit thediscovery permitted under Civ.R. 26(B)(4)(b) in appropriationcases. Hudson Local School Dist. Bd. of Edn. v. Hudson ParkEstates, Inc., (1989) 64 Ohio App.3d 119, 580 N.E.2d 836; Richelyv. Curtis Enterprises (1971), 30 Ohio Misc. 82, 284 N.E.2d 207.Indeed the statute has been extended to limit discovery byinterrogatories as well as by depositions. Richley at 84.
Despite the persuasive authority outlined above the Appellee, City of Bucyrus, urges us to follow the 4th District Court of Appeals decision in Wray v. Hart (Aug. 13, 1992), Lawrence County App. No. 91CA20, unreported that held "Civ.R. 26(B)(4)(b) controls over R.C. 163.10 and that there is no sound policy reason for applying R.C. 163.10 and holding Civ.R. 26(B)(4)(b) `clearly inapplicable' to the appropriation proceeding in the case at bar." In so holding the 4th district made the following observation:
 "* * * hence, where a special procedure of R.C. Chapter 163 is in clear conflict with a particular Civil Rule, the Civil Rule should prevail because there is not any sound policy reason for holding the Civil Rules `clearly inapplicable'."
 Unlike the 4th District, we believe that when there is a clear conflict between a Civil Rule and a subsequent, express, procedural statute, the special statutory procedure controls according to Civ.R.1(C) and as interpreted by the other courts of this State.
It appears on the face of Civ.R.26(B)(4)(b) that a party would be entitled to depose a person expected to testify at trial as an expert witness as to any facts knowledge or opinions held by the expert that are relevant to the case at hand and revealed by the exchange of expert reports or in response to interrogatories. However, § 163.10 would not have allowed the deposition to go beyond the parameters prescribed within its language. That being of course, that on cross-examination no information concerning the value or appraisals of the property could be elicited unless it had first been raised on direct. Therefore, when a trial court requires an expert to submit his report containing appraisal and value quotes it has violated § 163.10 as well because it is requiring that the expert reveal its opinion as to the value of the property improperly.
The trial court much like the 4th District found that thepolicy behind the Civil Rules mandates that the Civil Rulescontrol the discovery procedure in a situation such as this.However, we are unable to agree.
In 1965 the Ohio Legislature enacted Chapter 163, entitled "Appropriation of Property," which became effective January 1, 1966.[1] The Ohio Rules of Civil Procedure were submitted for approval to the General Assembly in 1969 after the first draft of Chapter 163 of the Revised Code. Civil Rule 1(C) specifically was later amended in 1971. Prior to the amendment Civ.R.1(C) exempted special statutory proceedings from the application of the Civil Rules "to the extent that specific procedure is provided by law." See Civ.R.1(C) Staff Notes. As a result of the amendment, the language quoted above was replaced by the language, "clearly inapplicable" and became the accepted standard by which special statutory procedures were evaluated. See Civ.R.1(C) Staff Notes. Moreover, the specific provision at issue before us, § 163.10 was amended by the General Assembly in 1973. The language limiting the use of depositions in appropriation proceedings with respect to experts remained intact.
It should also be noted that prior to the promulgation of theCivil Rules, the procedure for obtaining and using of depositionswas governed by statute. 36 Ohio Jurisprudence 3d (1982) Discoveryand Depositions, Section 1. However, after the Civil Rules werepublished many of the statutory provisions were in conflict withthe procedures set forth in the Civil Rules and as a result theywere repealed by the Legislature, their purpose had becomesuperfluous in light of the Civil Rules.[2] However, severalspecial statutory provisions remained even after the Civil Ruleswere amended. § 163.01 was one of the special statutory proceduresthat survived.
After thorough review of the legislative history outlined above, it appears that § 163.01 specifically limits the discovery of expert opinions in regard to the value of property and Civ.R. 26(B)(4)(b) is in direct conflict with that purpose. Moreover, taking the legislative history outlined above into account, it would appear that had the Legislature indeed intended for Civ.R. 26(B)(4)(b) to control over § 163.10 it could have repealed that particular statutory provision regarding depositions when it repealed the others. Moreover, should this Court follow the 4th District and decide that Civ.R. 26(B)(4)(b) is controlling despite the legislative history and its clear inapplicability to the purpose of § 163.10, it would render § 163.10 and the "clearly inapplicable" analysis in Civ.R. 1(C) superfluous.
This Court, therefore cannot agree with the 4th district that aconflict between the Civil Rules and § 163.01 results in the CivilRules controlling the procedure despite the language of Civ.R.1(C) and its interpretation by the Courts of this State.
We hold, therefore, that the nature of Civil Rule 26(B)(4)(b) is clearly inapplicable to circumstances governed by § 163.10 in so far as the former would render the latter meaningless. Moreover, this court finds that it was arbitrary and thus, an abuse of discretion for the trial court to order Strauch's expert to prepare and produce a report divulging the basis of appraisal and the values of the property appraised when § 163.10 clearly prohibits production of such information without the information first being revealed upon direct examination. As a result, Strauch's sole assignment of error is sustained and the order of the Court of Common pleas is reversed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
Judgment reversed and cause Remanded.
 BRYANT, J.
 HADLEY, P.J., and WALTERS, J., concur.
[1] R.C. §§ 163.01-163.22
[2] Section 1 of House Bill 1201, effective July 1, 1971.